Dear Chief Nelson:
This office is in receipt of your request for an opinion of the Attorney General regarding the payment of attorney's fees incurred in your defense in connection with a suit filed against you by an employee of the St. Gabriel Police Department. According to your letter, the suit was ultimately dismissed against you in both your individual and official capacity. Specifically, you are interested in determining whether the Town is responsible for cost of your defense of the lawsuit.
R.S. 13:5108.1, et seq. provides for the indemnification of state officers and employees for financial loss arising out of claims, demands, suits or judgments where the officer or employee was Acting in the discharge of his duties and within the scope of his employment. . . . However, neither R.S. 13:5108.1, et seq., nor any other provision of state law of which we are aware, provides for the indemnification of the officers and/or employees of municipalities or other political subdivisions.
Nevertheless, this office has consistently opined that if a public official or employee is sued for civil damages and is found not liable and the allegations arose out of the performance of his official functions, then the public body that employs that person may, but does not have to, pay the reasonable attorneys fees and expenses that result from the defense against the suit. Atty. Gen. Op. Nos. 96-398, 96-210, 96-95, 85-822. See also: Atty. Gen. Op. 89-401, which determined that a public official acting beyond the course and scope of his duties is not entitled to attorneys fees for the defense of civil or criminal actions brought against him.
Applying that reasoning, it is the opinion of this office that public funds can be utilized to pay or reimburse the legal fees of a public official or employee who was the target of civil claim and who has been exonerated of all liability and wrongdoing arising out of the facts and circumstances alleged in the civil proceedings, as long as the allegations arose out of the performance of, as well as within the course and scope of, the official functions and duties of the public official or employee.
You have advised that you were successful in the defense of the civil lawsuit filed against you. Although you did not advise us as to the specific allegations made against you, we are aware that the suit filed against you was brought by an employee of the police department. Assuming the allegations made by the plaintiff arose out of the performance of, as well as within the course and scope of, the official functions and duties of your office, it is our opinion that the Town of St. Gabriel Parish may (but does not have to) reimburse you for the attorneys fees incurred in your defense.
If the Town does choose to reimburse your legal expenses, then the Town will have to determine that: (1) the hourly rate charged by your counsel was reasonable, (2) that the number of hours spent by counsel was reasonable and necessary, and (3) that any costs incurred by counsel were reasonable and necessary. Atty. Ops. 95-492, 95-242, and 94-384.
We trust the foregoing to be of assistance. Please do not hesitate to contact us if we can be of help in other areas of the law.
Yours very truly,
 RICHARD P. IEYOUB ATTORNEY GENERAL
 BY: ____________________________ JEANNE-MARIE ZERINGUE BARHAM Assistant Attorney General
RPI/JMZB/cla